Christine A. Tongel, Petitioner *v*. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 13, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Alden Earl Bowen, Miller & Bowen,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by President Judge Crumlish, Jr., December 17, 1985:

A referee's decision denying Christine A. Tongel benefits for willful misconduct[1] was upheld by the Unemployment Compensation Board of Review. She appeals; we reverse.

Tongel, a dispatcher for Wells Fargo Guard Services at the Allegheny Center Mall in Pittsburgh, was discharged for improper conduct and for allowing an unauthorized person into the security control center after her supervisor reported observing her being given a back rub by, and later embracing, a male police officer while she was on duty. The referee found, *inter alia,* that (1) the incident with the police officer did occur, (2) Wells Fargo's rules only permitted police officers to be in the security control center on official business, and (3) the police officer

---

[1] *See* Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

was not in the security control center on official business. The referee concluded that Tongel's actions constituted willful misconduct and the Board affirmed.

Where the employer, who has the burden of proving that the claimant's discharge was for willful misconduct, prevails below, our scope of review is limited to determining whether an error of law was committed and whether any necessary finding of fact is unsupported by substantial evidence. *Jones v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 572, 460 A.2d 412 (1980). Whether a claimant's actions rise to the level of willful misconduct is a question of law subject to our review. *Thompson v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 591, 368 A.2d 1386 (1977).

Tongel contends that her admittance of the police officer into the security control center does not rise to the level of willful misconduct because she was never informed that police officers were only permitted there while on official business. We agree.

Where the employer seeks to establish willful misconduct in the nature of a work rule violation, it must prove both the existence of the rule and that the claimant violated it. *Albertson v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 394, 452 A.2d 275 (1982). The employer must present evidence that the claimant intentionally or deliberately violated the rule. *See Bucher v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 282, 463 A.2d 1241 (1983). Our review of the record reveals no evidence that Tongel knew or was on notice that police officers were to be permitted in the security control center only while they were on official business. Thus, there is insufficient evidence from which to infer that Tongel intentionally or deliberately transgressed this rule.

The Board next argues that Tongel's behavior amounted to willful misconduct regardless of whether she violated a specific employment rule. We disagree.

A work rule violation need not be shown where the behavior standard is obvious, and the employee's conduct is so inimical to the employer's best interests that discharge is a natural result. *Spare v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 570, 432 A.2d 283 (1981). The record here, however, discloses no evidence that Tongel's conduct with the police officer was so contrary to Wells Fargo's best interests as to justify discharge.[2] The record reveals that the incident occurred during the latter portion of an 11:00 p.m. to 7:00 a.m. shift in a presumably empty shopping mall.[3] The evidence fails to demonstrate how this interfered with Tongel's performance of her dispatcher duties. We must therefore conclude that Wells Fargo did not produce sufficient evidence to establish that Tongel's conduct contravened an obvious behavior standard and was so inimical to its best interests as to constitute willful misconduct.

We accordingly hold that the Board erred as a matter of law by upholding the referee's conclusion that Tongel's actions constituted willful misconduct.[4]

Reversed.

---

[2] Our review of the record reveals no evidence that Tongel and the police officer went beyond a momentary casual embrace; moreover, there is no evidence that they kissed.

[3] The record indicates that the supervisor made his observations sometime between 3:00 a.m. and 5:45 a.m.

[4] Since we reach this holding, we need not address Tongel's contentions that certain findings of fact were based solely on uncorroborated or objected-to hearsay and that she was actually discharged in retaliation for not filling out a report in the manner directed by Wells Fargo's branch manager.

528

ORDER

The Unemployment Compensation Board of Review order, No. B-221381 dated August 18, 1983, is reversed.