590 A.2d 388

**CITY OF GREENSBURG, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 1990.

Decided April 19, 1991.

---

Timothy J. McCormick, Stewart, McCormick, McArdle & Sorice, Greensburg, for petitioner.

Alex E. Echard, Echard & Snyder, Mt. Pleasant, for respondent/intervenor, Marsha A. Koehler.

No appearance for respondent, Unemployment Compensation Board of Review.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

CRUMLISH, Jr., Senior Judge.

The City of Greensburg (City) petitions for review of an Unemployment Compensation Board of Review (Board) order reversing the referee and granting benefits to Marsha Koehler. We reverse the Board's decision.

Koehler, a zoning and planning secretary for the City since 1984, moved outside the city limits in 1989. Because her move violated the City's residency requirement, enacted in a 1986 ordinance, the City terminated her.

The referee found that Koehler was aware of the residency requirements. He also found that other employees living outside the City, who had not been terminated, were exempt from compliance with the ordinance. He denied benefits to Koehler under Section 402(e) of the Unemployment Compensation Law.[1]

The Board made its own findings and concluded that since the City did not uniformly apply its residency requirements, Koehler could not be denied benefits on the grounds of willful misconduct.

The City contends that the Board erred in its conclusion because Koehler knew of the requirements, was advised of the consequences of her relocation, and understood the distinction between her situation and that of the non-residents who retained their city jobs. Thus, it maintains, she was properly denied benefits.

■ This court has previously held that a violation of a municipal residency ordinance can constitute willful miscon-

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

duct. *Rodgers v. Unemployment Compensation Board of Review*, 40 Pa.Commonwealth Ct. 552, 397 A.2d 1286 (1979). However, if a residency requirement is not uniformly enforced, a termination pursuant to that requirement may not be said to be due to willful misconduct. *City of Beaver Falls v. Unemployment Compensation Board of Review*, 65 Pa.Commonwealth Ct. 14, 441 A.2d 510 (1982). With these standards in mind, we must determine whether substantial evidence supports the Board's findings and whether the Board's legal conclusions are erroneous.

The referee found that some city workers were not required to live inside the City. He also found the City's residency requirements were not enforced against those workers because they had lived outside the City *prior* to enactment of the ordinance. In his conclusion, the referee stated that the ordinance was uniformly applied to those resident workers who moved out of the City thereafter.

The Board found that "[a] co-employee, who lived outside the City ... at the time the ordinance was enacted, was never required per the ordinance to move back into the City to remain employed." (Finding of Fact No. 6, Board decision, 7/2/90).[2] On the basis of this finding, the Board concluded the residency requirements were not uniformly applied. Although there is substantial evidence, in the form of the City Administrator's testimony (Notes of Testimony, 3/27/90, p. 24) to support the Board's finding, we hold that its conclusion is erroneous.

The residency requirement was not discriminatorily applied to Koehler or to those workers who left the City *after* enactment of the ordinance. The record indicates that only those employees who were not residents at its passage were exempt from the requirements. This is consistent with the Board's finding that a co-worker living outside the City

---

**2.** The Ordinance, admitted into the record at the referee's hearing, required, *inter alia,* that City employees who were not residents at the time of its enactment become residents within eighteen months or forfeit their jobs. (Employers Exhibit No. 1, N.T., 3/27/90). The record indicates that this provision was not enforced.

when the ordinance was passed was not required to move into the City.

The record also indicates that Koehler knew of the requirement, and was advised in advance that it would be enforced if she relocated outside the city. When an employee is advised that a rule will be strictly enforced, even though it had not been previously, violation of the rule, without good cause, constitutes willful misconduct. *Bullock v. Unemployment Compensation Board of Review*, 43 Pa.Commonwealth Ct. 528, 402 A.2d 734 (1979).

Accordingly, we reverse the Board's order.

## ORDER

The order of the Unemployment Compensation Board of Review, dated July 2, 1990, at No. B–283144 is hereby reversed.