John R. GRAHAM, II, Petitioner

v.

## UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted Sept. 26, 2003.

Decided Jan. 8, 2004.

John P. Urban, Hollidaysburg, for petitioner.

Thomas A. Beckley and John G. Milakovic, Harrisburg, for intervenor, Accu Weather, Inc.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY SENIOR JUDGE MIRARCHI, JR.

John R. Graham, II (Claimant) petitions this Court to review an order of the Unemployment Compensation Board of Review (Board) that denied unemployment compensation benefits to Claimant pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge from work for willful misconduct connected with his or her employment. We affirm.

The Board made the following findings of fact. Claimant was last employed by Accu Weather, Inc. (Employer) as the Director of Human Resources with a last day of work of July 19, 2002, and a final rate of pay of $98,000 per year. Claimant commenced this employment on July 9, 2001. During Claimant's one-year period of employment, Employer found him to be less than satisfactory in several areas. Em-

ployer was concerned about Claimant's failure to adequately participate in work committees, his failure to move from his home in Indiana to the employment site of State College, PA, and his lack of participation in community activities in order to promote Employer's image. Claimant's lack of involvement in the State College community was mostly caused by the time (approximately 14 to 20 hours) he devoted to his weekend commute to and from Indiana.

Employer made it clear to Claimant when he was interviewed for the job that he was expected to move from Indiana to State College as soon as practicable. Although Claimant made two trips to State College with his wife to look for a residence, he never made an offer for a new home. He testified that his main obstacle to relocation was his inability to sell his Indiana house. Claimant did not provide evidence, however, that he made a reasonable attempt to sell his Indiana residence. Employer discharged Claimant because he was not devoting sufficient time and energy to the job, in large part because of his failure to relocate.

Claimant applied for benefits, which were denied by the Department of Labor and Industry (Department). On appeal, the referee reversed the Department's determination. On further appeal, the Board reversed the referee, concluding that Claimant was discharged for willful misconduct by refusing to follow Employer's directive to relocate. The Board noted that Claimant admitted that he was aware, at the time of hire, of Employer's expectation that he relocate to State College. The Board further found that Claimant did not

credibly demonstrate that he made a genuine effort to sell his house in Indiana or purchase a residence in State College. The Board also found that the record showed that Claimant's weekly commute from Indiana had a deleterious effect on his work performance and interfered with his ability to attend functions that Employer required of a person in his position. The Board concluded that Claimant did not have good cause for failing to comply with Employer's reasonable directive that he relocate to State College. Thus, the Board determined that Claimant was ineligible for benefits pursuant to Section 402(e) of the Law. This petition for review followed.

■■■ This Court's scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or necessary findings of fact are supported by substantial evidence. *Evans, Portnoy & Quinn v. Unemployment Compensation Board of Review,* 665 A.2d 548 (Pa.Cmwlth.1995).[1] The burden of proving whether an employee was discharged for willful misconduct rests with the employer. *Reed v. Unemployment Compensation Board of Review,* 104 Pa. Cmwlth. 373, 522 A.2d 121 (1987). Willful misconduct has been defined as the "(a) wanton and willful disregard for an employer's interests, (b) deliberate violation of an employer's rules, (c) disregard for standards of behavior which an employer can rightfully expect of an employee, or (d) negligence indicating an intentional disregard of the employer's interests or an employee's duties and obligations." *Caterpillar, Inc. v. Unemployment Compensation Board of Review,* 550 Pa. 115, 123, 703

---

1. Also, the "capricious disregard" of evidence standard of review is now a component of appellate consideration in every administrative agency adjudication where the question is properly brought before the Court. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe),* 571 Pa. 189, 812 A.2d 478 (2002). Claimant has not formally raised a capricious disregard of evidence issue in this case.

A.2d 452, 456 (1997). Whether an employee's conduct has risen to the level of willful misconduct is an issue of law reviewable by this Court. *Andrews v. Unemployment Compensation Board of Review*, 159 Pa. Cmwlth. 455, 633 A.2d 1261 (1993).

Claimant argues that the Board erred and made findings of fact that are not supported by substantial evidence in arriving at its determination that he committed willful misconduct. This argument has a number of subsets. First, Claimant argues that the Board erred in its conclusion that Claimant committed an act of willful misconduct when he failed to purchase a house in the State College area within a period of a year. Claimant contends that substantial evidence does not support the findings that he was required to purchase a house in or around State College and that he was required, but made no bona fide effort, to sell his Indiana house. Claimant notes that his written employment contract failed to mention a relocation requirement, and that the testimony at the hearing set no time frame for any relocation. Further, Claimant contends that he fulfilled Employer's expectation of relocation by renting an apartment in State College that he used during the work week. Claimant also contends that he would have moved after he was able to sell his Indiana house and that he was making his best efforts to sell that house. Employer, however, never made it a condition of employment that he sell his Indiana house.

■ Claimant's arguments, however, mostly select certain evidence from the record while ignoring other evidence that fully supports the Board's findings of fact. Although the written employment agreement does not contain a relocation requirement, testimony from Employer's president and senior vice president support the Board's finding that Claimant was hired with the understanding that it was imperative that he move to State College as soon as practicable so that he would be able to fulfill all of the duties expected of him. This testimony also indicated that Claimant was informed, prior to his hire, that the former human resources director proved unsatisfactory because of his failure to move to the area from his home in eastern Pennsylvania and become involved fully with the community. Further, the testimony showed that the expectation for relocation was communicated to Claimant throughout the year and that Claimant's performance suffered because of his absence on weekends while he commuted to and from his house in Indiana. *See* Notes of Testimony (N.T.), December 2, 2002, pp. 14, 16–17; N.T., January 27, 2003, p. 24. It is not necessary that an employer's reasonable order or directive be written in order for the Court to determine that an employee's violation thereof constitutes willful misconduct: an employer may deal with its employees on a non-written basis and expect its directives to be followed. *Brady v. Unemployment Compensation Board of Review*, 727 A.2d 1199 (Pa. Cmwlth.1999).

Also, although Employer never required Claimant to sell his Indiana house, Claimant testified that he could not afford to move without selling this property. There is no evidence in the record supporting Claimant's contention that he made his best efforts to sell this house. In fact, he admitted to Employer's president that he had taken the house off the market. This admission, and the fact that the house was not sold for the entire year of Claimant's employment, supports the Board's finding that Claimant did not make a bona fide effort to sell his house.

■ This Court has held that an employee commits willful misconduct by failing to abide by a municipal residency re-

quirement when the employee is advised of this requirement. *Greensburg v. Unemployment Compensation Board of Review,* 139 Pa.Cmwlth. 265, 590 A.2d 388 (1991). There is no reason to treat a reasonable residency requirement of a private employer any differently. Here, Claimant was specifically informed that he was required to relocate from Indiana to the State College area as a condition of his employment so that he could fully perform the duties expected of his high profile and highly-paid position. Claimant did not challenge the reasonableness of this work requirement, and his explanation that he fulfilled it by renting an apartment is contradicted by evidence that it was expected of him to reside in the community and not commute on weekends. Therefore, the Board did not err when it determined that Claimant committed willful misconduct by failing to relocate to State College as soon as practicable.

██ Claimant also argues that he had no reason to believe that he would be terminated because of his failure to purchase a house in the State College area. There is no requirement in the Law, however, that an employee be first warned that a deliberate violation of an employer's work directive could result in termination. Claimant cites *Tongel v. Unemployment Compensation Board of Review,* 93 Pa. Cmwlth. 524, 501 A.2d 716 (1985), in support of his argument. That case, however, merely reaffirms the basic principle that when an employer seeks to establish willful misconduct in the nature of a work rule violation, it must prove the existence of the rule and the employee's intentional or deliberate violation of it. In this case, substantial evidence of record supports the Board's findings that Employer informed Claimant that he was required to relocate in order to perform the duties of his posi-

tion and that Claimant violated that directive.

Claimant next argues that the Board erred by concluding that his failure to purchase a house in the State College area was the "proximate" reason for his termination. With respect to this argument, Claimant contends two things: first, that in its termination letter to Claimant, Employer listed the failure to relocate last after a long list of other performance deficiencies; and second, "the substantial weight of the evidence" suggests that the real reason for termination was Employer's decision to eliminate Claimant's position in an effort to downscale operations. Claimant's Brief, p. 12.

Section 402(e) of the Law simply provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge ... for willful misconduct...." In the present case, Employer presented evidence that Claimant was discharged for refusing to follow its directive that he relocate ·to State College, among other reasons. Claimant has cited no authority providing that if there are several reasons for an employee's discharge, they must all or principally constitute willful misconduct in order for the employer to prevail under Section 402(e). We would also note that a substantial portion of Employer's case before the referee dealt with Claimant's failure ·to relocate and its consequences, and that its discharge letter to Claimant also devoted considerable emphasis on Claimant's failure to relocate.

██ Claimant's argument that "the substantial weight of the evidence" suggests that the real reason for termination was Employer's decision to eliminate Claimant's position in an effort to downscale operations, is simply an impermissible attempt to argue the evidence before us. The Board found that the reason for

Claimant's discharge was his failure to abide by Employer's work directives and for other unsatisfactory performance, not because Employer was eliminating Claimant's position. "Where there is a conflict in testimony, credibility determinations and the resolution of evidentiary conflicts are within the [Board's] discretion and are not subject to reevaluation on judicial review." *Duquesne Light Co. v. Unemployment Compensation Board of Review,* 167 Pa.Cmwlth. 650, 648 A.2d 1318, 1320 (1994). Thus, if the Board's findings of fact are supported by substantial evidence, they are conclusive on appeal. *Id.* We would further note that because Claimant has not formally argued that the Board capriciously disregarded evidence, such an argument would be waived.

Claimant next argues that the Board erred by (a) finding that Claimant's performance was unsatisfactory, and (b) denying benefits based on this finding. The first contention is an impermissible attempt to reargue the evidence. The second contention is factually incorrect in light of the fact that the Board based its decision on the willful misconduct exhibited by Claimant's deliberate failure to obey Employer's directive to relocate.

Claimant next argues that the Board erred by concluding that Claimant was not involved in community activities because of his weekend commute to and from Indiana. Claimant contends that the testimony from Employer's witnesses is insufficient to establish this fact without greater specificity as to which events Claimant failed to attend. Claimant also argues that the evidence shows that he was involved in some community activities. Claimant's argument, however, ignores the salient fact that substantial evidence supports the Board's findings that Employer made a specific requirement of employment that Claimant relocate in part so that he would

have a greater profile in the community and that Claimant deliberately failed to meet this requirement. Moreover, the record establishes that Claimant failed to perform most of his assigned tasks. *See* N.T., January 27, 2003, pp. 15–16, 19.

Claimant finally argues that the Board erred by concluding that Claimant engaged in willful misconduct when the Claimant had no notice that he could be discharged for not becoming more involved in a training committee. This argument is without merit on several grounds, including the primary fact that Employer established willful misconduct by demonstrating that Claimant deliberately failed to meet the reasonable work requirement to relocate. Claimant's argument is irrelevant in light of this circumstance.

Accordingly, the Board's order is affirmed.

### ORDER

AND NOW, this 8th day of January, 2004, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.