IN THE COMMONWEALTH COURT OF PENNSYLVANIA


Heath Evans, : 
                Petitioner : 
: No. 2419 C.D. 2014
            v. : 
: Submitted: August 28, 2015
Unemployment Compensation : 
Board of Review, : 
                Respondent : 


BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH               FILED: December 2, 2015


Heath Evans (Claimant) petitions for review of the November 14, 2014 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's decision and held that Claimant is ineligible for benefits under section 402(e) of the Unemployment Compensation Law (Law).[1]

The facts as found by the Board are as follows:

1. The claimant was last employed as a telemarketer by Full Service Network [Employer]. The claimant began employment on December 21, 2009, and his last day of work was November 30, 2013.

_____

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

2. The claimant had a history of attendance problems starting six (6) months prior to his termination.

3. The employer gave the claimant several written warnings regarding his attendance.

4. The claimant was scheduled to work on December 5 and December 6, 2014.

5. The claimant did not attend work on December 5 or December 6, 2014.

6. The claimant was not scheduled to work from December 7 to December 12, 2014.

7. On December 13, 2014, the employer discharged the claimant because of attendance issues.

(Findings of Fact 1-7.)

The local job center denied Claimant's application for benefits. Claimant appealed, and a hearing was scheduled for May 23, 2014. Claimant sent the referee's office a fax the night before the hearing requesting a continuance so that he could have additional time to find an attorney. (Findings of Fact Nos. 8-9.) The hearing was held as scheduled, and Claimant did not attend. Christopher Honeywill, Employer's vice-president, testified that Employer discharged Claimant for attendance issues. Honeywill stated that Claimant's attendance had been erratic for approximately six months; Employer gave Claimant written warning; and Employer terminated Claimant's employment following his absences on Thursday and Friday, December 5 and 6, 2014. Relying on Employer's evidence, the referee determined that Claimant was discharged for willful misconduct and, therefore, was ineligible for unemployment compensation under section 402(e) of the Law.

Claimant appealed to the Board, which remanded the case to the referee to receive testimony concerning Claimant's reason for failing to appear at the hearing as well as on the merits of the case. The referee held a second hearing at which both parties participated *pro se*. The record reflects that at Claimant's request, a number of subpoenas were issued, but Claimant did not pick them up because he was not sure if they were completed correctly.

Claimant stated that he had contacted the referee's office several times to request a continuance of the hearing but was unable to reach anyone, so he left messages and sent a fax. Claimant testified that he had hired an attorney, but that attorney referred him to another lawyer who was not able to attend the remand hearing. Regarding the merits, Claimant said that he provided Employer with legitimate reasons for his absences and that he made up the missed time on subsequent days. Claimant also denied receiving written warnings from Employer. Claimant testified that he used to have a more flexible schedule and that Employer kept changing its rules concerning a grace period for tardiness. Claimant added that on several occasions he arrived at work six minutes late and was sent home. Finally, Claimant asserted that he was discharged because his sales numbers were down, not for attendance issues.

Honeywill testified that Claimant had worked for Employer for more than five years, and he acknowledged that there were occasions when Claimant was late and had what appeared to be a valid excuse. Honeywill explained that Claimant had only worked 190.2 hours during the six months before his discharge. He noted that Claimant was scheduled to work only two days a week and that he did not come to work regularly on those two scheduled days.

The Board found that Claimant established good cause for his non-appearance, considered the entire record of the prior proceedings, and made a determination on the merits. In rendering its decision, the Board accepted Honeywill's testimony as credible to establish that Employer discharged Claimant because of chronic attendance issues. The Board noted that the attendance problems began six months prior to Claimant's termination, and that after receiving written warnings from Employer, Claimant still failed to attend work on both December 5th and December 6th. The Board further found that Honeywill's credible testimony showed that Claimant was discharged because of his poor attendance and not his work performance.[2]

The Board rejected Claimant's testimony that he never received written warnings and that Employer's attendance policy changed without his knowledge. The Board also found that Claimant did not establish good cause for his absences; he did not explain his absences from work, nor did he explain why he could not have notified Employer prior to those absences. Based on those findings, the Board concluded that Claimant disregarded the standards of behavior which an employer has a right to expect of an employee and that his absences amounted to willful misconduct. Accordingly, the Board held that Claimant was ineligible for unemployment compensation under section 402(e) of the Law.

On appeal to this Court,[3] Claimant first argues that while the term willful misconduct is not defined by the Law, it was originally intended to refer to criminal

---

[2] For that reason, the Board rejected Claimant's request for subpoenas in order to obtain information from Employer demonstrating that he was discharged for poor sales performance.

[3] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704.

activity. Claimant asserts that the Board erred in defining willful misconduct as including a wanton or willful disregard of an employer's interest and encompassing absenteeism.

Initially, we note that an employer bears the burden of proving that the claimant's actions constitute willful misconduct. *Docherty v. Unemployment Compensation Board of Review*, 898 A.2d 1205, 1208 (Pa. Cmwlth. 2006). If the employer satisfies this burden, the burden shifts to the claimant to prove that he had good cause for his conduct. *McKeesport Hospital v. Unemployment Compensation Board of Review,* 625 A.2d 112, 114 (Pa. Cmwlth. 1993). A claimant has good cause if his actions are justifiable and reasonable under the circumstances. *Docherty*, 898 A.2d at 1208-09. Whether a claimant's actions constitute willful misconduct is a question of law subject to this Court's review. *Grand Sport Auto Body,* 55 A.3d at 190.

However, contrary to Claimant's assertions, Pennsylvania courts have consistently defined willful misconduct as including: (1) a wanton or willful disregard for an employer's interests; (2) a deliberate violation of an employer's rules; (3) a disregard for standards of behavior which an employer can rightfully expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Navickas v. Unemployment Compensation Board of Review*, 787 A.2d 284, 288 (Pa. 2001); *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 1 A.3d 965, 968 (Pa. Cmwlth. 2010). Therefore, the Board applied the correct legal standard to the facts of this case.

Additionally, we have repeatedly held that "[e]xcessive absenteeism or tardiness may constitute willful misconduct. Employers have 'the right to expect

5

that . . . employees will attend work when they are scheduled, that they will be on time, and that they will not leave work early without permission.'" *Grand Sport Auto Body v. Unemployment Compensation Board of Review*, 55 A.3d 186, 190 (Pa. Cmwlth. 2012) (quoting *Fritz v. Unemployment Compensation Board of Review*, 446 A.2d 330, 333 (Pa. Cmwlth. 1982)). Thus, Claimant's argument that willful misconduct does not encompass absenteeism is contrary to established case law.

Claimant also argues that Employer did not meet its burden of proof because Employer did not have a rule that was broken and Employer failed to present evidence proving that it issued written warnings to Claimant. "A work rule violation need not be shown where the behavior standard is obvious, and the employee's conduct is so inimical to the employer's best interests that discharge is a natural result." *Tongel v. Unemployment Compensation Board of Review*, 501 A.2d 716, 717 (Pa. Cmwlth. 1985). Here, the Board found that Claimant had a history of attendance problems over a six month period, was given written warnings regarding his attendance, and was subsequently discharged following his absences on December 5 and 6, 2014. Under these circumstances, the fact that Employer did not have a specific rule concerning absenteeism is of no moment. *Id.*

In arguing that Employer failed to prove willful misconduct, Claimant relies on his preferred version of the facts, rather than those found by the Board. However, in unemployment compensation proceedings, the Board is the ultimate factfinder, empowered to determine the credibility of witnesses and the weight to be accorded evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). Where the Board's findings are supported by substantial evidence they are conclusive on appeal. *Id.*

6

Our review of the record confirms that Honeywill's credible testimony provides substantial evidence to support the Board's findings, which, in turn, support the Board's conclusion that Claimant's persistent absenteeism constitutes willful misconduct rendering Claimant ineligible for benefits under section 402(e) of the Law.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heath Evans,                                      :
                    Petitioner                    :
                                                  :    No.  2419 C.D. 2014
          v.                                      :
                                                  :
Unemployment Compensation                         :
Board of Review,                                  :
                    Respondent                    :

## *ORDER*

AND NOW, this 2nd day of December, 2015, the order of the Unemployment Compensation Board of Review, dated November 14, 2014, is affirmed.

 

 

_____

PATRICIA A. McCULLOUGH, Judge