# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amber Butler,                              :
                    Petitioner              :
                                            :
        v.                                  :    No. 90 C.D. 2016
                                            :    Submitted: June 17, 2016
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent              :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED:  August 10, 2016**


Petitioner Amber Butler (Claimant), acting *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed a Referee's determination that Claimant was ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law),[1] based on willful misconduct. For the reasons set forth below, we affirm the Board's order.

Claimant was employed as a direct care worker for Open Systems Healthcare, Inc. (Employer). (Certified Record (C.R.), Item No. 2.) Claimant filed for unemployment compensation benefits after being discharged on

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

August 3, 2015. (C.R., Item No. 10.) The Allentown UC Service Center (Service Center) issued a determination finding Claimant eligible for unemployment compensation benefits. (C.R., Item No. 5.) Employer appealed the Service Center's determination, and a Referee conducted a hearing on October 6, 2015. (C.R., Item No. 9.) Claimant did not attend this hearing, nor did she request a continuance or give advance notice of any inability to attend. (*Id.*) Following the hearing, the Referee reversed the Service Center's determination, concluding that Claimant was ineligible for unemployment compensation benefits under Section 402(e) of the Law. (C.R., Item No. 10.)

Claimant appealed the Referee's decision to the Board, which remanded the case to a Referee to act as Hearing Officer for the Board. (C.R., Item No. 14.) The Board ordered the remand hearing for the purpose of receiving testimony and evidence regarding Claimant's reason for her non-appearance at the initial hearing. (*Id.*) The Board permitted the parties to offer new or additional testimony and evidence, which the Board would consider if it found that Claimant had proper cause for her non-appearance at the initial hearing. (*Id.*)

Following the remand hearing, the Board affirmed the Referee's decision and denied Claimant unemployment compensation benefits. (C.R., Item No. 18.) In doing so, the Board issued its own findings of fact:

1. The claimant was last employed as a direct care worker by the employer from September 14, 2014 at a final rate of $10.00 and her last day of work was July 21, 2015.

2. The employer had a policy requiring 24 hour notice of a call off for any accepted shift which it has due to the medical/personal needs of the clients for whom the services are scheduled.

3. Claimant knew or should have known about the policy.

2

4. Violation of the policy results in corrective action or termination.

5. On August 2, 2015, claimant called off from her shift and did not give 24 hour notice.

6. The employer discharged claimant for her failure to timely call off her absence.

7. Claimant received the hearing notice but delayed opening it until October 6, 2015.

(*Id.*)

The Board determined that Claimant failed to establish good cause for her non-appearance at the initial hearing, as the Board found that Claimant "simply did not arrange to pick up her mail until after the hearing date." (*Id.*) The Board, therefore, did not consider either party's testimony at the second hearing to the extent it related to the merits. (*Id.*) Using only the testimony and evidence of record from the Referee's initial hearing, the Board concluded that Claimant was ineligible for unemployment compensation benefits. (*Id.*) The Board reasoned, in part:

> Based on the record before the Board, the Board concludes that the employer established that it discharged claimant for violation of a known reasonable policy rising to the level of willful misconduct. The employer produced credible evidence that the claimant called off and did not do so within the 24 hours (sic) call off policy. The employer has established the necessary burden of proof. The burden shifts to the claimant. Claimant did not appear at the hearing and has provided no first hand competent testimony to support her violation of the policy. The claimant is ineligible for benefits under Section 402(e) of the Law.

(*Id.*)

On appeal,[2] Claimant essentially argues that the Board erred in concluding that Claimant's actions constituted willful misconduct because Claimant had good cause for violating the policy.[3] Section 402(e) of the Law provides, in part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." Whether an employee's conduct rises to the level of willful misconduct is a question of law subject to this Court's review. *Walsh v. Unemployment Comp. Bd. of Review*, 943 A.2d 363, 368 (Pa. Cmwlth. 2008). The burden of establishing willful misconduct is on the employer. *Id.* at 368-69.

The term "willful misconduct" is not defined by statute. The courts, however, have defined "willful misconduct" as:

> (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rules; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Grieb v. Unemployment Comp. Bd. of Review*, 827 A.2d 422, 425 (Pa. 2003). Where an employer seeks to prove willful misconduct by showing that the

---

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[3] In her brief, Claimant also invites this Court to decide whether Employer was unprofessional in regards to the manner in which it terminated Claimant's employment. This issue, however, is not relevant to Claimant's eligibility for unemployment compensation. As such, the issue will not be discussed.

4

claimant violated the employer's rules or policies, the employer must demonstrate (1) the existence of the rule or policy and (2) that the claimant violated it. *Walsh*, 943 A.2d at 369. Moreover, the employer must establish that the claimant's actions were intentional or deliberate. *Tongel v. Unemployment Comp. Bd. of Review*, 501 A.2d 716, 717 (Pa. Cmwlth. 1985). Notwithstanding, there should be no finding of willful misconduct where the claimant can show good cause for the violation—*i.e.*, "that the actions which resulted in the discharge were justifiable and reasonable under the circumstances." *Walsh*, 943 A.2d at 369.

First, we must determine whether Employer sustained its burden and established a *prima facie* case of willful misconduct. The Board found that Claimant was aware of Employer's call off policy, presumably because Claimant had previously received three warnings for violating the policy. (C.R., Item No. 9 at 7.) Further, the Board found that Claimant violated this policy, as Employer produced credible evidence that the Claimant called off and did not do so within the twenty-four hour period. (*Id.*) As such, the Board concluded that Employer sustained its burden of establishing a *prima facie* case of willful misconduct. (*Id.*)

Because Employer established its *prima facie* case of willful misconduct, the burden shifts to Claimant to prove she had good cause for deviating from the policy. As previously mentioned, in order to prove "good cause," a claimant must demonstrate that his actions were justifiable and reasonable under the circumstances. *Walsh*, 943 A.2d at 369. Claimant, however, failed to make an attempt to show good cause, as she did not attend the initial hearing in order to provide testimony and evidence to support her theory. Claimant was then given the opportunity to explain her absence at a remand hearing. If a claimant can show proper cause for missing a hearing, then a new one

5

will be conducted; however, one's own negligence is insufficient to amount to the necessary "proper cause." *Savage v. Unemployment Comp. Bd. of Review*, 491 A.2d 947, 949 (Pa. Cmwlth. 1985). At the remand hearing, Claimant testified that she did not attend the original hearing because she had not checked her mail. (C.R., Item No. 18.) The Referee conducted the original hearing without Claimant being present.[4] The Board found that Claimant's reason for her absence at the initial hearing was not sufficient to establish proper cause for failure to attend. (*Id.*) Accordingly, the Board did not consider the testimony from either party at the remand hearing. (*Id.*) With no competent testimony to support her defense of good cause for the violation of a workplace policy, the Board concluded that Claimant did not sustain her burden to show good cause for her willful misconduct and, therefore, is ineligible for unemployment compensation benefits under Section 402(e) of the Law. We agree.

Accordingly, we affirm the order of the Board.

_____
P. KEVIN BROBSON, Judge

---

[4] "If a party notified of the date, hour and place of a hearing [before the Board or Referee] fails to attend a hearing without proper cause, the hearing may be held in his absence." 34 Pa. Code § 101.51.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amber Butler,                          :
               Petitioner      :
                            :
            v.                          :   No. 90 C.D. 2016
                            :
Unemployment Compensation              :
Board of Review,                       :
               Respondent      :

## *O R D E R*

AND NOW, this 10th day of August, 2016, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

_____
P. KEVIN BROBSON, Judge