Patricia A. Miller,      :
            :
     Petitioner    :
            :
   v.        : No. 1244 C.D. 2017
            : Submitted: February 16, 2018
Unemployment Compensation  :
Board of Review,     :
            :
     Respondent   :

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**      **FILED: April 16, 2018**

    Patricia A. Miller (Claimant) petitions, *pro se*, for review of the July 12, 2017 decision and order of the Unemployment Compensation Board of Review (Board). The Board affirmed the decision of a Referee, denying Claimant unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] (Law) due to willful misconduct. For the reasons set forth below, we now affirm.

    Claimant was employed by Lincoln Learning Solutions (Employer) as a full-time janitor/custodian, assigned to provide custodial services at Employer's

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge for willful misconduct connected to his or her work. 43 P.S. § 802(e).

client, Baden Academy Charter School (Baden School). (Record Item (R. Item) 13, Board Decision and Order, Findings of Fact (F.F.) ¶¶ 1-2.) Following her February 2, 2017 dismissal, for insubordination, Claimant filed an initial claim for unemployment compensation with the Department of Labor and Industry (Department). (R. Item 2, Internet Initial Claims.) On April 7, 2017, the Department issued a Notice of Determination finding Claimant ineligible for unemployment compensation benefits. (R. Item 6, Notice of Determination.)

Claimant appealed the Notice of Determination and a hearing was held before a Referee on May 3, 2017. (R. Item 10, Referee Hearing: Transcript of Testimony (H.T.) at 1-26.) Employer was represented by its Tax Consultant Representative and three witnesses testified for Employer, including the Afternoon Supervisor (PM Supervisor), the Assistant Shift Supervisor (Shift Supervisor), and a custodian. Claimant also appeared and testified.

The Referee issued a decision and order on May 5, 2017, finding that Claimant failed to offer any testimony or evidence to show that she had good cause for her continuing failure to follow Employer's directive regarding the use of radios, and concluding that Claimant was ineligible for unemployment compensation. (R. Item 11, Referee Decision and Order.) Claimant appealed, and on July 12, 2017, the Board issued its decision and order, affirming the decision of the Referee, and making the following relevant findings of fact:

> 3. [E]mployer had been utilizing [Baden School's] radios/walkie talkies for communication with its custodial staff until [Baden School] informed [E]mployer that this practice was no longer permissible.
>
> 4. On January 17, 2017, [E]mployer met with its custodial staff, including [C]laimant, and advised that it was

2

purchasing its own radios because [Baden School] no longer wanted [E]mployer's staff to use its radios.

5. Early on January 23, 2017, [E]mployer assigned [C]laimant a radio that it had purchased and directed [C]laimant to cease using [Baden School's] radios.

6. Around lunchtime on January 23, 2017, the [Shift Supervisor] observed [C]laimant using one of [Baden School's] radios and directed [C]laimant to use the radio that [E]mployer had assigned to her. [C]laimant became argumentative, and the [Shift Supervisor] explained to [C]laimant that it was upper management's decision that she had to start using her assigned radio.

7. On January 24 and January 25, 2017, the [Shift Supervisor] once again observed [C]laimant using [Baden School's] radios and warned [C]laimant that she should be using the radio [E]mployer had assigned to her.

8. On January 26, 2017, [C]laimant informed the [Shift Supervisor] that she had dropped her assigned radio, which resulted in the clip becoming broken and she was unable to attach it to herself.

9. On January 26, 2017, the [Shift Supervisor] told [C]laimant she should carry the radio in her pocket or use one of two extra radios purchased by [E]mployer. [C]laimant then placed her assigned radio in her pocket.

10. On January 27, 2017, the [Shift Supervisor] and [PM Supervisor] observed [C]laimant using one of Baden School's radios. The [PM Supervisor] told [C]laimant she should not be using [Baden School's] radio. [C]laimant complained that the clip on her assigned radio was broken and told the [PM Supervisor] "You're being nitpicky."

11. On February 2, 2017, [E]mployer discharged [C]laimant for insubordination for continued use of [Baden School's] radios.

(R. Item 13, Board Decision and Order, F.F. ¶¶ 3-11.) Claimant then petitioned this Court for review of the Board's order.[2]

The question of whether a claimant's actions constitute "willful misconduct" is a question of law subject to this Court's plenary review. *Rossi v. Unemployment Compensation Board of Review*, 676 A.2d 194, 197 (Pa. 1996). Willful misconduct is defined as: (i) wanton or willful disregard for an employer's interests; (ii) deliberate violation of an employer's rules; (iii) disregard for standards of behavior which an employer can rightfully expect of an employee; or (iv) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997).

Before this Court, Claimant argues that her actions did not amount to willful misconduct; she contends that Employer failed to produce evidence of a rule or policy that she was charged with violating, or evidence that such a directive was discussed with her. However, our Court has held that a claimant's refusal or failure to comply with a reasonable verbal directive from an employer, even in the absence of a rule violation, may constitute willful misconduct. *Bailey v. Unemployment Compensation Board of Review*, 457 A.2d 147, 149 (Pa. Cmwlth. 1983). It is not necessary that an employer's reasonable directive be written in order for the

---

[2] Our review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Davila v. Unemployment Compensation Board of Review*, 926 A.2d 1287, 1289 n.3 (Pa. Cmwlth. 2007). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *On Line Inc. v. Unemployment Compensation Board of Review*, 941 A.2d 786, 788 n.7 (Pa. Cmwlth. 2008).

violation to constitute willful misconduct, and an employer may deal with its employees on a non-written basis and expect its oral directives to be followed. *Graham v. Unemployment Compensation Board of Review*, 840 A.2d 1054 (Pa. Cmwlth. 2004). Moreover, there is no requirement that a claimant first be warned that a deliberate violation of an employer work directive could result in termination. *Id*. at 1058. Where a claimant is discharged for refusing to comply with an employer's work directive, the burden is on the employer to prove the reasonableness of the directive and that the claimant refused to comply. *Blue v. Unemployment Compensation Board of Review*, 616 A.2d 84, 86 (Pa. Cmwlth. 1992). Here, the Board found credible Employer's three witnesses' testimony that Employer had been informed by the Baden School that it was no longer permissible to use its radios, and that Employer therefore met with its custodial staff, including Claimant, on January 17, 2017, to advise it accordingly. (R. Item 13, Board Decision and Order, Discussion.) The Board further found credible the testimony that on January 23, 2017, Employer assigned a new, Employer-owned radio to Claimant, and directed Claimant to cease using the Baden School's radios. (*Id*.) Employer thus established both the reasonableness of its directive and the fact that the directive was communicated to Claimant.

The Board found that Claimant nonetheless used a Baden School radio later in the day on January 23, 2017, and became argumentative when she was again instructed not to do so, even after it was explained to her that the directive was a decision made by 'upper management.' (*Id*., F.F. ¶ 6.) Indeed, Claimant was warned again on both January 24 and January 25, 2017, when she was observed on each of those days using a Baden School radio. (*Id*., F.F. ¶ 7.) The Board found that Claimant used a Baden School radio a fourth time, on January 27, 2017, and was

5

again notified that she was not permitted to do so.[3] (*Id.*, F.F. ¶ 10.) Claimant denied having used the Baden School radio on four different days prior to her termination from employment, asserting that she did so on only one occasion; however the Board determined that her testimony was not credible. (*Id.*, Discussion.) Because we have held that questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board, its determinations are not subject to reevaluation on our review, and we will not do so here. *Tapco, Inc. v. Unemployment Compensation Board of Review*, 650 A.2d 1106, 1108 (Pa. Cmwlth. 1994).

The Employer therefore met its burden to show both that the directive was reasonable and that Claimant violated the directive. Claimant may still avoid the conclusion of willful misconduct by establishing good cause for her refusal. *Blue*, 616 A.2d at 86-87. However, beyond her assertion that she used the prohibited radio just once, Claimant has offered no reason whatsoever to justify the use of the Baden School radios. Before the Referee, she admitted that she was informed about the new directive at the January 17, 2017 staff meeting. (R. Item 10, Referee Hearing, H.T. at 20.) The Referee questioned Claimant as to what reason she might have to use a Baden School radio, when there were two extra Employer-owned radios available in the closet; Claimant replied that there was no reason, further asserting only that "we have always used them," and that hers "was [broken], it wouldn't stay on [her] pants and [she] already had [a Baden School radio] from the office." (*Id*. at 16, 20.)

---

[3] The Board accepted Claimant's testimony that on January 26, 2017, she related to the Assistant Shift Supervisor that she had dropped her assigned radio, broken the clip, and could not therefore attach it to herself, but found further that the supervisor instructed Claimant either to carry the radio in her pocket or to use one of the two extra radios purchased by Employer. (R. Item 13, Board Decision and Order, F.F. ¶ 9.)

Finally, Claimant asserts she was not warned that she could be discharged or disciplined prior to the termination of her employment, and that Employer thereby failed to follow its own progressive discipline policy. Claimant did not raise this argument before the Referee, and our courts have established that issues must be raised at the earliest possible opportunity. *Wing v. Unemployment Compensation Board of Review*, 436 A.2d 179, 181 (Pa. 1981). Claimant has therefore waived this issue. *Delus v. Unemployment Compensation Board of Review*, 545 A.2d 434, 436 (Pa. Cmwlth. 1988); Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551(a).

Accordingly, we find substantial evidence to support the Board's determination that Claimant was discharged from her employment for willful misconduct by repeatedly refusing to comply with Employer's reasonable directive without good cause. The order of the Board is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia A. Miller,                      :
                                         :
                    Petitioner           :
                                         :
          v.                             :   No. 1244 C.D. 2017
                                         :
Unemployment Compensation                :
Board of Review,                         :
                                         :
                    Respondent           :

# **O R D E R**

AND NOW this 16th day of April, 2018, the order of the Unemployment Compensation Board of Review in the above-captioned matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge