# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Catherine Johnson,            :
             Petitioner     :
                           :
        v.                 :   No. 2244 C.D. 2014
                           :   Submitted: July 24, 2015
Unemployment Compensation   :
Board of Review,           :
             Respondent   :

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED:  September 11, 2015**

Petitioner Catherine Johnson, *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board).  The Board affirmed an Unemployment Compensation Referee's (Referee) decision denying Claimant unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law),[1] because Claimant engaged in willful misconduct.  We now affirm.

Claimant was employed by NHA-TAIG (Employer) as a full-time direct support professional.  Employer terminated Claimant's employment on June 4, 2014, and Claimant filed for unemployment compensation benefits.  The

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

Erie UC Service Center (Service Center) issued a determination denying Claimant benefits, because it determined that Claimant had engaged in willful misconduct. (Certified Record (C.R., Item No. 5 at 1.)) Claimant appealed the Service Center's determination, and a Referee conducted an evidentiary hearing.

During the hearing before the Referee, four witnesses testified on behalf of Employer. Regina Parker, Employer's community team manager, testified that Claimant had been an employee of Employer and that Claimant's employment was terminated on June 4, 2014. (C.R., Item No. 9 at 6.) Ms. Parker testified that on May 6, 2014, she received a call from Danielle Williams, an employee of Employer. (*Id.* at 7.) Ms. Williams told Ms. Parker that Claimant was verbally abusive to both Ms. Williams and a consumer, which violated Employer's policy against verbal abuse. (*Id.* at 6-7.) Further, Claimant left the facility in which she was working "out of ratio." Employer requires one of its employees to be present for every consumer. Prior to the incident, Claimant and Ms. Williams were caring for two consumers in the facility. After the incident between Claimant and Ms. Williams occurred, Claimant locked Ms. Williams out of the facility, which left only Claimant to care for two consumers. (*Id.* at 8.) Ms. Parker explained that the facility door does not lock automatically. (*Id.* at 9.) Ms. Parker instructed Ms. Williams to call the on-call supervisor, Claudia Dominguez. (*Id.* at 8.)

Ms. Dominguez testified that she received a call from Ms. Williams, who stated that Claimant was yelling and threatening her. (*Id.* at 10.) Ms. Dominguez instructed Ms. Williams to wait outside for Ms. Dominguez to arrive. (*Id.* at 12.) Ms. Dominguez did not hear Claimant in the background during the phone call. (*Id.* at 28.) When Ms. Dominguez arrived at the facility,

2

Ms. Williams was locked out. (*Id.* at 11.) Ms. Dominguez explained that the facility door must be locked from the inside. (*Id.*) Claimant did not call a supervisor regarding the incident. (*Id.* at 11-12.)

Christina Holmes testified that Employer initiated an investigation regarding the May 6, 2014 incident between Claimant and Ms. Williams. (*Id.* at 15.) The investigation revealed that Claimant had used profanity, and Ms. Holmes decided to terminate Claimant's employment. (*Id.*) Ms. Holmes testified that Employer could not have facilities with automatic door locks, because some consumers use wheelchairs. (*Id.* at 16.) Automatically locking doors would constitute a "rights violation." (*Id.*)

Ms. Williams testified that Claimant used profanity towards Ms. Williams and a consumer. (*Id.* at 17.) Claimant also threatened Ms. Williams. (*Id.* at 18.) Ms. Williams called her supervisor, Ms. Dominguez, who told her to wait outside. (*Id.*) Ms. Williams testified that Ms. Dominguez could hear Claimant screaming in the background during the phone call. (*Id.*) Ms. Williams explained that when she went outside, she left the door open so that she could still see the consumer to whom she was assigned. (*Id.*) Claimant then closed the door, which had to be manually locked from the inside. (*Id.* at 18-19.)

Claimant also testified during the hearing before the Referee. Claimant testified that she had not used profanity towards Ms. Williams and the consumer, nor had she threatened Ms. Williams. (*Id.* at 22-23.) Claimant was aware of Employer's policy regarding verbal abuse. (*Id.* at 22.) Claimant observed Ms. Williams on the phone outside the facility, but Claimant explained that the door slammed and locked behind Ms. Williams. (*Id.* at 25.) Claimant denied locking Ms. Williams out of the facility. (*Id.* at 26.)

3

The Referee denied Claimant benefits, concluding that Claimant's conduct amounted to willful misconduct. The Referee made the following findings of fact:

1. The Claimant was last employed by NHA-TAIG as a Direct Support Professional full-time from January 22, 2008 through May 6, 2014, at a final rate of $9.54 per hour.

2. This Employer has an abuse of Consumer Policy, Verbal Abuse Rights Policy, Standards of Conduct Policy and the use of profanity of which violation results in discipline up to and including discharge.

3. The Claimant was, or should have been, aware of the Employer's aforestated policy.

4. On May 6, 2014, the Employer received a call from an employee reporting verbal abuse toward a Consumer and the Co-Worker and the use of profanity.

5. The Employer initiated an investigation.

6. The investigation revealed that Claimant violated the aforestated policies and, therefore, the Claimant's suspension on May 6, 2014 was converted to a discharge on June 4, 2014.

(C.R., Item No. 10 at 1.) The Referee noted the conflict between the testimony of Claimant and that of Employer's witnesses, but she resolved the conflict in favor of Employer. (*Id.* at 2.) The Referee concluded that Employer had a policy regarding verbal abuse, which Claimant violated. (*Id.*) This violation constituted willful misconduct without good cause and rendered Claimant ineligible to receive unemployment compensation benefits. (*Id.*)

Claimant appealed to the Board, which affirmed the Referee's decision. The Board, however, modified findings of fact numbers 4 and 5 to read "[C]laimant used profanity toward a consumer and a coworker," and "[a]fter the coworker stepped outside of the facility to avoid conflict, she left the door open to

4

observe inside, until the claimant closed and locked the door," respectively. (C.R., Item No. 14 at 1.) The Board adopted the rest of the Referee's findings and conclusions. Claimant now petitions this Court for review.

On appeal,[2] Claimant first contends that the testimony of three of Employer's witnesses—Ms. Dominguez, Ms. Parker, and Ms. Holmes— constituted inadmissible hearsay. Claimant also argues that substantial evidence did not exist to support the Board's findings that Claimant used profanity toward a consumer and coworker and that Claimant locked her coworker out of the facility.

We first address Claimant's argument that Ms. Dominguez's, Ms. Parker's, and Ms. Holmes' testimony constituted hearsay and should not have been admitted. Specifically, Claimant contends that none of these witnesses were present during the incident that occurred between Claimant and Ms. Williams, and, thus, their testimony is based solely on what Ms. Williams told them. Hearsay is defined as "a statement that the declarant does not make while testifying at the current trial or hearing," and that "a party offers in evidence to prove the truth of the matter asserted in the statement." Pa. R.E. 801(c). "Although hearsay evidence admitted into evidence without objection will be given its natural probative effect and may support a finding of the Board if it is corroborated by any competent evidence in the record, a finding of fact based solely on hearsay will not stand." *Bailey v. Unemployment Comp. Bd. of Review*, 597 A.2d 241, 243 (Pa. Cmwlth. 1991).

---

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

The testimony of employer's witnesses does not constitute hearsay. Ms. Parker testified regarding Claimant's employment background, Employer's policies, and her phone call with Ms. Williams. Ms. Parker also explained that the door of the facility does not lock automatically. Ms. Dominguez testified regarding her phone call with Ms. Williams and her subsequent arrival at the scene of the incident that occurred between Claimant and Ms. Williams. Ms. Holmes testified regarding Employer's policies. Ms. Holmes also noted that the facility door did not lock automatically. The only testimony that could be considered hearsay in the instant matter is Ms. Dominguez's and Ms. Parker's testimony concerning what Ms. Williams stated on the phone. During the hearing, however, Claimant did not object to this testimony. Further, Ms. Parker's and Ms. Dominguez's testimony is corroborated by Ms. Williams' testimony concerning her phone calls to both witnesses. Because the testimony was admitted without objection and was corroborated by Ms. Williams' testimony, the Board did not err in considering it. Accordingly, we reject Claimant's argument that the testimony of Employer's witnesses constitutes inadmissible hearsay.

We next address Claimant's argument that substantial evidence of record does not support the Board's findings that Claimant used profanity toward a consumer and coworker and that Claimant locked her coworker out of the facility. Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the

6

evidence. *Id.* A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the record as a whole. *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal only so long as the record, taken as a whole, contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984). "The fact that [a party] may have produced witnesses who gave a different version of the events, or that [the party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." *Tapco, Inc. v. Unemployment Comp. Bd. of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Similarly, even if evidence exists in the record that could support a contrary conclusion, it does not follow that the findings of fact are not supported by substantial evidence. *Johnson v. Unemployment Comp. Bd. of Review*, 504 A.2d 989, 990 (Pa. Cmwlth. 1986).

Substantial evidence exists to support the Board's finding that Claimant used profanity toward a consumer and a coworker. Ms. Williams testified:

> [Claimant] called [the consumer] a b***h. She told her I'm not, I don't want your dirty f***ing clothes. I don't have to steal your dirty f***ing clothes. You're filthy. You're a b***h. [Claimant] told me only reason why you got this f***ing job, come out the room and f***ing fight me. It was just basically the f*** word and the b***h word she kept using.

(C.R., Item No. 9 at 17-18.) Although Claimant testified that she had never used profanity, it was within the Board's purview to resolve the conflicting testimony of

7

Claimant and Ms. Williams.[3]  *See Duquesne Light Co. v. Unemployment Comp. Bd. of Review*, 648 A.2d 1318, 1320 (Pa. Cmwlth. 1994).  Ms. Williams' testimony constitutes substantial evidence to support the Board's finding that Claimant used profanity.  Accordingly, we reject Claimant's argument that the Board's finding was not supported by substantial evidence.

Substantial evidence also supports the Board's finding that Claimant locked her coworker out of the facility.  There is no dispute that the facility door locked when Ms. Williams left.  Claimant testified that when Ms. Williams left the facility, the door slammed and automatically locked behind her.  (*Id.* at 26.) Ms. Williams, however, testified that Claimant closed the door and that the door must be locked manually.  (*Id.* at 18.)  Ms. Holmes testified that Employer could not have doors that automatically lock because it would "be considered a rights violation."  (*Id.* at 16.)  Ms. Parker and Ms. Dominguez both testified that the door did not lock automatically.  As noted above, it is the Board's prerogative to resolve conflicting testimony.  The testimony of Employer's witnesses constitutes substantial evidence to support the Board's finding that Claimant locked Ms. Williams out of the facility.  Accordingly, we reject Claimant's argument that the Board's finding was not supported by substantial evidence.

---

[3] Claimant also appears to argue that the Board erred in determining that Claimant was not credible.  Specifically, Claimant contends that the Referee did not understand Claimant's testimony and that Employer's witnesses offered inconsistent testimony.  In an unemployment compensation case, however, it is well-settled that the Board is the ultimate fact finder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight.  *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1386 (Pa. 1985). Questions of credibility are not subject to re-evaluation on judicial review.  *Id.*  We, therefore, reject Claimant's argument that the Board erred in determining that Claimant was not credible.

Accordingly, we affirm the Board's order.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Catherine Johnson, :
               Petitioner :
                :
        v. : No. 2244 C.D. 2014
                :
Unemployment Compensation :
Board of Review, :
             Respondent :

# **O R D E R**

AND NOW, this 11th day of September, 2015, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge