IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bonnie L. Ferrero, : 
               Petitioner : 
                : 
        v. :  No. 738 C.D. 2016
                :  SUBMITTED: September 30, 2016
Unemployment Compensation : 
Board of Review, : 
               Respondent : 


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY              FILED: November 18, 2016


        Bonnie L. Ferrero (Claimant) petitions for review, *pro se*, of the March 9, 2016, order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee to deny Claimant unemployment compensation (UC) benefits under section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for benefits for any week "[i]n which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work." 43 P.S. § 802(e).

Claimant was employed as a behavioral health case manager by St. Luke's Hospital (Employer) from November 20, 2010, through September 25, 2015. (Findings of Fact (F.F.), No. 1.) Employer discharged Claimant on September 25, 2015, for violation of Employer's policies and poor work performance. (F.F., No. 11.) Claimant filed a claim with the UC service center on October 4, 2015. The UC service center awarded Claimant benefits concluding that she was not ineligible for UC benefits under section 402(e) of the Law, 43 P.S. § 802(e), because Claimant did not engage in willful misconduct. Employer appealed to the referee who conducted a hearing.

The referee found that Employer had a policy, of which Claimant was aware, requiring its employees to act ethically and in the best interest of their patients and to protect their patients' rights and refrain from the unauthorized discussion of patients' confidential information. (F.F., No. 2.)

On September 25, 2015, Claimant had a telephone conversation with a patient's wife (Wife). Claimant was or should have been aware that the court had issued a Protection from Abuse order (PFA) relating to patient and Wife. Claimant gave Wife legal advice, explaining how to dispose of patient's property and how to divorce patient. (F.F., Nos. 3-5.) Claimant's conversation was overheard by Employer's nurse case manager and reported to Employer. (Referee's Decision, 1/7/16, at 2.)

Employer suspended Claimant and conducted an investigation of the incident. During the investigation, Employer audited Claimant's charts and

2

discovered that many of the charts were either incomplete or incorrect. Claimant was ultimately discharged for violating Employer's policies and for poor work performance.[2] (F.F., Nos. 6-8, 11.)

The referee found that Claimant's conduct in speaking with and advising Wife violated Employer's policy and amounted to willful misconduct. The referee further found that Claimant failed to properly justify her actions and determined that Claimant was ineligible for UC benefits under section 402(e) of the Law. (Referee's decision, 1/7/16, at 2-3.) Claimant appealed to the Board, which adopted the referee's findings and conclusions, and affirmed. Claimant now petitions this court for review.[3]

Claimant contends that the Board erred in determining that Employer proved willful misconduct.

Willful misconduct is defined as: (1) a wanton and willful disregard of the employer's interests; (2) a deliberate violation of the employer's rules; (3) a disregard of the standards of behavior that an employer rightfully can expect from

---

[2] The referee determined that Claimant's failure to complete her paperwork or to do so properly did not amount to willful misconduct because Employer continuously tolerated such conduct by Claimant. Thus, this issue is not before our court.

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704. In reviewing the record to determine whether it contains substantial evidence to support the Board's findings, we must view the record in the light most favorable to the prevailing party and give that party the benefit of all logical and reasonable inferences deducible therefrom. *Stringent v. Unemployment Compensation Board of Review*, 703 A.2d 1084, 1087 (Pa. Cmwlth. 1997).

its employees; or (4) negligence that manifests culpability, wrongful intent, evil design, or an intentional and substantial disregard of the employer's interests or the employee's duties and obligations. *Oliver v. Unemployment Compensation Board of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010) (*en banc*).

"Where a claim of willful misconduct is based upon violation of company rules or policies, the employer has the burden to prove: 1) the existence of a reasonable rule or policy, 2) that the employee knew of the rule or policy, and 3) that the employee willfully violated the rule or policy." *Vought v. Unemployment Compensation Board of Review*, 504 A.2d 425, 426 (Pa. Cmwlth. 1986). If the employer proves a work rule violation, the burden shifts to the employee to show good cause for her actions. *Chapman v. Unemployment Compensation Board of Review,* 20 A.3d 603, 607 (Pa. Cmwlth. 2011). "The employee establishes good cause where her actions are justified or reasonable under the circumstance." *Id.*

Claimant does not contest that there was a work rule, only that she did not violate the rule. Claimant asserts that Employer's witness only heard one side of the conversation and misconstrued what she heard. Claimant states she discussed with Wife treatment options for patient; paying the mortgage on the house while patient was hospitalized; calling an attorney about protecting patient and Wife's joint assets during patient's hospitalization; and options for serving patient with divorce papers. Claimant also asserts that she was unaware of the PFA until Employer mentioned it at the referee's hearing. Claimant contends that case managers are to involve family members in a patient's care-plan and that

4

patient signed a Release of Information (ROI), which authorized Claimant to speak with Wife.[4]

Employer's witnesses testified regarding the conversation Claimant had with Wife.[5] The Board deemed Employer's witnesses credible and resolved the conflicts in the testimony in Employer's favor. A review of the record reveals that there was substantial evidence to support the Board's findings and its determination that Claimant violated Employer's policy by contacting Wife and revealing confidential information to Wife and advising Wife against patient's interest.

"In [UC] proceedings, the Board is the ultimate fact finder, and it is empowered to resolve all conflicts in the evidence and to determine the credibility of witnesses." *Procito v. Unemployment Compensation Board of Review*, 945 A.2d 261, 262 n. 1 (Pa. Cmwlth. 2008) (*en banc*). Where substantial evidence supports the Board's findings, credibility determinations made by the Board are

---

[4] The ROI was not submitted into evidence. However, Employer presented testimony that the ROI was limited to information for dispositional planning purposes.

[5] Employer presented testimony that Claimant gave Wife legal advice on how to dispose of patient's property, including taking ownership of their residence; told Wife that she had a legal right to take half of the patient's assets, including his 401(k) account; suggested Wife serve the patient with divorce papers while he was hospitalized even though Employer had previously concluded that this would not be in the patient's best interest; told Wife to tell patient that she and their son would be fine without him; and told Wife that she should treat patient like a child because that was how he was acting. Employer further testified that following the conversation, patient's attorney called Claimant and patient's family sent a letter of complaint to Employer. (N.T. at 16-17, 22, 34.)

not subject to review by this court. *Duquesne Light Company v. Unemployment Compensation Board of Review*, 648 A.2d 1318, 1320 (Pa. Cmwlth. 1994).

Once Employer presents sufficient evidence to establish willful misconduct, the burden shifts to Claimant to prove good cause for violating Employer's policy. *See Walsh v. Unemployment Compensation Board of Review*, 943 A.2d 363, 369 (Pa. Cmwlth. 2008). Claimant merely reargues that her version of the facts should be believed over Employer's, asserting that if she did violate Employer's work rule, she did so unintentionally.[6] This proffered excuse neither justifies Claimant's actions nor makes them reasonable. Because Claimant's actions were neither justified nor reasonable under the circumstances, Claimant did not establish "good cause" for violating Employer's policy.

Accordingly, because the Board properly concluded that Claimant was discharged for willful misconduct under section 402(e) of the Law, we affirm.

_____
JULIA K. HEARTHWAY, Judge

---

[6] As stated previously, the Board resolved all conflicts in testimony in Employer's favor and against Claimant. Thus, Claimant's version of what she said to Wife and the applicability of the ROI are discredited.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bonnie L. Ferrero,                          :
                    Petitioner             :
                                            :
            v.                              :   No. 738 C.D. 2016
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent             :


O R D E R


AND NOW, this 18th day of November, 2016, we hereby affirm the order of the Unemployment Compensation Board of Review.


_____
JULIA K. HEARTHWAY, Judge