# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A. Marilyn Kent,                           :
                    Petitioner             :
                                           :
            v.                             :    No. 1636 C.D. 2016
                                           :    Submitted: January 13, 2017
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  March 20, 2017**


A. Marilyn Kent (Claimant), proceeding pro se, petitions for review of the August 19, 2016 Order of the Unemployment Compensation (UC) Board of Review (Board) dismissing Claimant's appeal as untimely pursuant to Section 501(e)[1] of the UC Law (Law).[2]  Discerning no error, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 821(e).  Section 501(e) provides:

> Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), within fifteen calendar days after such notice was delivered to h[er]

**(Footnote continued on next page…)**

Claimant applied for UC benefits on August 3, 2014. (C.R. at Item 5.) After receiving benefits for multiple months, the Department of Labor and Industry's (Department) Duquesne Service Center (Service Center) mailed to Claimant two Notices of Determination on June 4, 2015, concluding that Claimant's benefits were disapproved under Sections 401(c) and 4(u) of the Law[3] because Claimant "worked but knowingly failed to report all earnings." (Id.; Claim Record, C.R. at Item 1.) Together, the two Notices of Determination

---

**(continued…)**

personally, or was mailed to h[er] last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Id.

[2] Claimant includes in her petitions for review, filed October 6, 2016, an appeal of a separate unemployment decision at number 16-09-C-9130. However, we cannot address that appeal here because the Board's order in that case, which is attached to Claimant's brief, was not issued until November 2, 2016. Parties have the right to appeal an order of the Board "within 30 days *after the order or decision of the Board becomes final . . . .*" 34 Pa. Code § 101.112 (emphasis added). We note that subsequent to the instant Petition for Review, Claimant did file a petition for review of the Board's November 2, 2016 order with this Court, which is docketed at Pa. Cmwlth., No. 2107 C.D. 2016.

[3] Section 401(c) of the Law provides that

Compensation shall be payable to any employe who is or becomes unemployed, and who—
. . . .
(c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department.

43 P.S. § 801(c). Section 4(u) of the Law defines "unemployed," in relevant part, as: "An individual shall be deemed unemployed (I) with respect to any week (i) during which [s]he performs no services for which remuneration is paid or payable to h[er] and (ii) with respect to which no remuneration is paid or payable to h[er] . . . ." 43 P.S. § 753(u).

covered claims for 13 weeks between October 11, 2014 and February 7, 2015. (Id.)  Both notices provide that "[t]he [l]ast [d]ay to [f]ile an [a]ppeal from th[e d]etermination is [June 19, 2015]."  (Id.)  The Service Center mailed two additional Notices of Determination the following day, June 5, 2015.  (C.R. at Item 6.)  One provided that the Service Center determined that Claimant "received a total of $2587 in [UC] benefits to which [she] w[as] not entitled" and that Claimant must repay that amount pursuant to Section 804(a) of the Law.[4]  (Notice of Determination Overpayment of Benefits, C.R. at Item 6.)  The other imposed a penalty of $388.05, or 15 percent of the overpayment, pursuant to Section 801(c) of the Law.[5]  (Notice of 15% Penalty Determination, C.R. at Item 6.)  Both state that "[t]he final day to timely appeal this determination is June 22, 2015."  (Id.)

Claimant appealed all four Determinations on June 15, 2016.  (Board Decision, Findings of Fact (FOF) ¶ 7; Petition for Appeal, C.R. at Item 7.)  A

---

[4] 43 P.S. § 874(a).  Section 804(a) provides, in relevant part:

> Any person who by reason of h[er] fault has received any sum as compensation under this act to which [s]he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by h[er] and interest . . . .

Id.

[5] 43 P.S. § 871(c).  Section 801(c) provides, in pertinent part:

> Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase compensation or other payment under this act or under an employment security law of the Federal Government and as a result receives compensation to which [s]he is not entitled shall be liable to pay to the Unemployment Compensation Fund a sum equal to fifteen per centum (15%) of the amount of the compensation.

Id.

hearing was held before a Referee on July 14, 2016. (C.R. at Item 9.) At the beginning of the hearing, the Referee admitted the Notices of Determination into the record and noted that one of the first set of Notices of Determination states that the last day to appeal was "June 19." (Hr'g Tr. at 3, C.R. at Item 9.) The Referee stated that an issue of timeliness was raised, but found that the appeal was timely since the last day to appeal was "June 19" and the appeal was filed on "June 15." (Id.) The Referee then proceeded to hear evidence on the merits of Claimant's appeal. (Id. at 4-17.) The record was closed. (Id. at 17.) However, the Referee reopened the record two minutes later because he discovered that there "actually is a timeliness issue with this hearing." (Id.) The Referee conceded that he made a mistake, and stated that the last day to appeal the Determinations was June 19, *2015*, and that Claimant did not file the appeal until June 15, *2016*. (Id.)

The Referee proceeded to ask Claimant questions about the reasons for the late appeal. Claimant testified that she never received the Notices of Determination until she "asked for them over the phone in the past two weeks" prior to the hearing. (Id. at 18.)[6] Claimant further testified that while she recently changed her address, the post office box to which the Notices of Determination were sent was her correct address at the time. (Id. at 19-20.) When asked by the Referee why she waited almost a year to file an appeal, Claimant responded that it was because "I didn't know about it." (Id. at 20.) The Referee then gave Claimant an opportunity to say anything else on the timeliness issue. (Id. at 21.) Claimant declined to provide any additional information. (Id.)

---

[6] Claimant did not explain how, if she received the Notices of Determinations for the first time within two weeks of the July 14, 2016 hearing, she knew to file her appeal on June 15, 2016.

4

The Referee issued a Decision dismissing the appeal as untimely on the same day as the hearing, July 14, 2016. (Referee Decision at 2, C.R. at Item 11.) The Referee concluded that the Referee lacked jurisdiction over the appeal because Claimant testified that the post office box to which the Notices of Determination were mailed was Claimant's correct address, and because Claimant did not provide competent evidence on the reasons for her delay in filing the appeal. (Id.) Claimant appealed to the Board. In that appeal, Claimant alleged, for the first time, that she was in bankruptcy at the time and argued that the notices could have been inadvertently put in the wrong post office box. (C.R. at Item 12.)

The Board issued its decision on August 19, 2016. Therein, the Board made the following findings of fact.

1. Notices of Determination (determination[s]) were issued to [C]laimant on June 4, 2015 and June 6, 2015,[7] denying benefits for claim weeks, October 4, 2014; December 6, 2014 and December 20, 2014 under Section 401(c), denying benefits under Section 401, Section 4(u) and Section 401(c) for claim weeks ending October 11, 2014-November 29, 2014; December 13, 2014, December 27[,] 2014 and January[]10, 2015, January 24, 2015 and February 7, 2015; assessing a fault overpayment under Section 804(a) in the amount of $2587.00 for claim weeks ending October 4, 2014-October 18, 2014, November 1, 2014-December 27, 2014, January 10, 2015, January 24, 2015 and February 7, 2015; and penalizing [C]laimant 15 weeks[8] of benefits under Section 801(b) and an interest penalty of $388.05 under Section 801(c) of the Law.

2. Copies of these determination[s] were mailed to [C]laimant at her last known post office address on the same date.

_____

[7] According to the record, the second two Notices of Determination were issued on June 5, 2015, not June 6, 2015. (C.R. at Item 5.)

[8] Although the Board found that the Department imposed a penalty for 15 weeks of improper payments, the Department actually imposed a penalty for 13 weeks. (Notice of 15% Penalty Determination, C.R. at Item 6.)

3.  Claimant agreed that the post office box listed was correct.

4.  Claimant did not cancel her post office box through the winter months of 2015.

5.  There is no evidence to indicate that the determinations sent to [C]laimant were returned as undeliverable by the postal authorities.

6.  The notices informed [C]laimant that June 19, 2015 and June 22, 2015 were the last days on which to file an appeal from these determinations.

7.  [C]laimant filed her appeal by U.S. Mail on June 15, 2016.

8.  There is no evidence that [C]laimant was misinformed or misled by the unemployment compensation authorities regarding her right or the necessity to appeal.

(FOF ¶¶ 1-8.)  The Board reasoned that Section 501(e) of the Law provides that a determination will become final unless an appeal is filed within 15 days after the date the determination is issued.  (Board Decision at 2.)  The Board rejected Claimant's allegation that she did not receive the Notices of Determination as not credible, and concluded that "[t]he filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct."  (Id.)  Accordingly, the Board dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law.  This petition for review followed.[9]

---

[9] This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact were supported by substantial evidence. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

6

On appeal, Claimant argues that various life events caused her to not receive the Notices of Determination. Claimant alleges that she was the victim of assault in 2014, which caused a fracture in her leg, and that she was wrongfully placed in bankruptcy proceedings. As a result, she had to move out of her apartment. Claimant argues that, due to these events, she had little access to her post office box and never received the Notices of Determination in the mail. Claimant further argues that she was not given much of an opportunity to testify to these matters.[10]

The 15-day "time limit for filing an appeal from a Departmental determination [found in Section 501(e) of the Law] is mandatory." Suber v. Unemployment Comp. Bd. of Review, 126 A.3d 410, 412 (Pa. Cmwlth. 2015), petition for allowance of appeal denied, 138 A.3d 7 (Pa. 2016). An exception exists so that a party may proceed with an appeal nunc pro tunc when "a delay in filing the appeal is caused by extraordinary circumstances involving 'fraud or some breakdown in the court's operation through a default of its officers,'" or if a delay is caused by "the non-negligent conduct" of the appellant or her attorney. Cook v. Unemployment Comp. Bd. of Review, 671 A.2d 1130, 1131 (Pa. 1996) (quoting Bass v. Com., 401 A.2d 1133, 1135 (Pa. 1979)).

Section 101.53 of the Board's regulations states that the "[m]ailing of notices, orders or decisions of a referee, or of the Board to the parties at their last known addresses as furnished by the parties to the referee, the Board or the Department, shall constitute notice of the matters therein contained." 34 Pa. Code § 101.53. This Court has held that there is an "evidentiary presumption of receipt" of an item mailed when the "sender establishes with proof that a hearing notice

---

[10] Claimant also asserts arguments related to her separate UC appeal at number 16-C-9130. As noted in footnote 2, *supra*, that appeal is not before this Court in the present matter.

was placed into the mail addressed to the last known address of the addressee and it was not returned by postal authorities as undeliverable." Volk v. Unemployment Comp. Bd. of Review, 49 A.3d 38, 41 (Pa. Cmwlth. 2012); see also Gaskins v. Com., Unemployment Comp. Bd. of Review, 429 A.2d 138, 140 (Pa. Cmwlth. 1981) (applying the common law mail box rule to UC proceedings).

We recently clarified the use of the evidentiary presumption of receipt in Douglas v. Unemployment Compensation Board of Review, 151 A.3d 1188, 1191-93 (Pa. Cmwlth. 2016). In Douglas, the claimant received a notice of determination from a service center finding the claimant ineligible for benefits. Id. at 1189. "The notice indicated that it was mailed on February 3, 2016, and that the last day" to "appeal the determination was February 18, 2016." Id. The claimant did not file an appeal of the service center's determination until February 22, 2016, four days late. Id. A hearing was held before a referee where the notice of determination was entered into the record without objection. Id. at 1189-90. The claimant testified that she waited for the determination by the mail box for days and called the service center to check on the status of her case. Id. at 1190. The claimant further testified that the service center employee to which she spoke could not give her a definitive answer on the status of her case, and that she ultimately received the notice of determination one week later. Id. The referee issued a decision dismissing the claimant's appeal as untimely by relying on the common law mailbox rule. Id. at 1190-91. The referee's conclusions rested on the findings that the notice of determination shows that it was mailed on February 3, 2016, and that there was no evidence that the determination was returned as undeliverable. Id. The Board affirmed by adopting the referee's findings of facts and conclusions of law.

The claimant petitioned this Court for review. Relying on the common law mailbox rule and our cases addressing late appeals, we reasoned that "evidence that a letter was mailed ordinarily will be sufficient to permit a fact-finder to find that the letter was, in fact, received by the party to whom it was addressed." Id. at 1191. We noted that we could not apply the presumption in Douglas because "[the c]laimant, in addition to contending that she did not receive the Notice of Determination, also contends that the notice was *not mailed*." Id. at 1192 (emphasis in original). We interpreted claimant's appeal as not challenging the presumption per se, but instead challenging the facts giving rise to the presumption. Id. We held that "in the face of a challenge," a notice of determination indicating the date it was mailed cannot, without more, establish proof of mailing "because it is apparent that the 'mailed date' was part of the information included in the notice itself at the time the notice was prepared." Id. at 1193.

Unlike in Douglas, Claimant here does not assert that the Notices of Determination were not sent. Claimant contends that she was unable to check her post office box due to a series of unfortunate life events. As such, our holding in Douglas does not control our instant inquiry. The Board found that the Notices of Determination were sent to Claimant's correct address and that there was no evidence indicating that the Notices of Determination were returned as undeliverable. (FOF ¶¶ 2-5.) Thus, the presumption that the Notices of Determination sent to the correct address were subsequently received by the party to whom it is addressed applies.

To the extent that Claimant is arguing that she is entitled to nunc pro tunc relief, the Board did not find Claimant's testimony credible that she did not receive

the Notices of Determination. (Board Decision at 2.) "[I]ssues of credibility are for the Board which may either accept or reject a witness' testimony whether or not it is corroborated by other evidence of record." Chapman v. Unemployment Comp. Bd. of Review, 20 A.3d 603, 607 (Pa. Cmwlth. 2011). Such determinations are not subject to judicial review. Duquesne Light Co. v. Unemployment Comp. Bd. of Review, 648 A.2d 1318, 1320 (Pa. Cmwlth. 1994). None of Claimant's allegations regarding the unfortunate events surrounding her bankruptcy and assault that could be construed as an argument that the delay was caused by non-negligent conduct were presented to the Referee or to the Board. Accordingly, we cannot consider these allegations and the related exhibits attached to her brief which are presented for the first time on appeal. Umedman v. Unemployment Comp. Bd. of Review, 52 A.3d 558, 564-65 (Pa. Cmwlth. 2012). Further, although Claimant referenced her bankruptcy in her appeal to the Board, the Board likewise cannot review evidence not presented to a referee unless it directs that additional evidence be taken, which did not occur here. Id. (citing Section 101.106 of the Board's regulations, 34 Pa. Code 101.106, which provides, in relevant part: "the Board may review both the facts and the law pertinent to the issues involved on the basis of the evidence previously submitted, or direct the taking of additional testimony. . . .").

Because the presumption of receipt applies in this matter, and Claimant's testimony that she did not receive the Notices of Determination was found not credible, Claimant's June 15, 2016 appeal was untimely and the Board did not err in concluding that it lacked jurisdiction over Claimant's appeal. With regard to Claimant's contention that she was not provided with a sufficient opportunity to testify to the reasons why her appeal was late, our review of the record shows that

the Referee provided Claimant with ample opportunity to present evidence. Discerning no error, we affirm the Board's Order.

 

 

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A. Marilyn Kent,                               :
                Petitioner           :
                                                :
          v.                         :    No. 1636 C.D. 2016
                                                :
Unemployment Compensation          :
Board of Review,                               :
                Respondent          :

# **O R D E R**

      **NOW**, March 20, 2017, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **AFFIRMED**.

 

                                 _____
                                 **RENÉE COHN JUBELIRER,** Judge